DAVID BURCHARD
CHAPTER 13 TRUSTEE
P.O. BOX 8059
FOSTER CITY, CA 94404
(650) 345-7801  FAX (650) 345-1514
(707) 544-5500  FAX (707) 544-0475

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| In re: | Chapter 13 |
|---|---|
| OPHELIA B ALVAREZ<br>2500 TARA LANE<br>SOUTH SAN FRANCISCO, CA 94080<br><br>Debtor(s) | Case No: 19-30319 DM<br>Date:   July 17, 2019<br>Time:   01:10 PM<br>Ctrm:   450 GOLDEN GATE AVENUE<br>         16th FLOOR - COURTROOM #17<br>         SAN FRANCISCO, CA 94102- |

**MOTION OF CHAPTER 13 TRUSTEE, DAVID BURCHARD,
TO DISMISS CASE PRIOR TO CONFIRMATION**

TO: THE ABOVE-NAMED DEBTOR(S) AND TO DEBTOR(S)' ATTORNEY OF RECORD HEREIN:

The Chapter 13 Trustee, DAVID BURCHARD, moves the Court for an order, dismissing this case for cause(s) for the reasons set forth below.

1. This Court has jurisdiction over this matter pursuant to Federal Rules of Bankruptcy Procedure 9013 and 9014, and Bankruptcy Local Rules 9013-1 and 9014-1. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. This Motion is based upon all documents and records on file, together with this Motion, Declaration and any such additional documents, records and evidence which may be presented.

3. Debtor(s) filed for bankruptcy under Chapter 13 on 03/25/2019.

4. This motion for dismissal is made for cause pursuant to:

11 U.S.C. § 1307(c)(1) as there is unreasonable delay that is prejudicial to creditors.

11 U.S.C. § 1307(c)(4) as Debtor(s) failed to make timely payments to the Trustee. As of the date of this motion, $5,400 is in default under the Chapter 13 Plan.

5. The cause to dismiss this case exists as it is in the best interests of creditors and the bankruptcy estate. The Trustee therefore requests the Court enter an order dismissing this case.

If you wish to oppose dismissal of this Chapter 13 case, you or your attorney must file a timely opposition to this motion no later than fourteen (14) days before the hearing set forth in the accompanying Notice of Motion. You or your attorney must also appear at the hearing date listed in the notice and present argument in opposition to this motion.

DATED:   June 6, 2019                                    DAVID BURCHARD_____
                                                         DAVID BURCHARD, Chapter 13 Trustee

DAVID BURCHARD
CHAPTER 13 TRUSTEE
P.O. BOX 8059
FOSTER CITY, CA 94404
(650) 345-7801   FAX (650) 345-1514
(707) 544-5500   FAX (707) 544-0475

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:

OPHELIA B ALVAREZ
2500 TARA LANE
SOUTH SAN FRANCISCO, CA 94080

Debtor(s)

Chapter 13
Case No: 19-30319 DM
Date:   July 17, 2019
Time:   01:10 PM
Ctrm:   450 GOLDEN GATE AVENUE
        16th FLOOR - COURTROOM #17
        SAN FRANCISCO, CA 94102-

## DECLARATION IN SUPPORT OF CHAPTER 13 TRUSTEE, DAVID BURCHARD'S, MOTION TO DISMISS CASE PRIOR TO CONFIRMATION

I am the custodian and/or keeper of the business records referenced herein and, as such, I am qualified to certify the authenticity thereof. Additionally, I have personal knowledge of the matters stated in the Declaration. If called upon as a witness, I could and would competently testify to the facts contained herein.

After reviewing the books, records and files of the above-referenced Debtor(s), I make the following Declarations:

1. Debtor(s) filed the instant bankruptcy petition on 03/25/2019. There is unreasonable delay towards plan confirmation that is prejudicial to creditors.

2. As of the date hereof, the following fact(s) exists as cause for dismissal:

       X       Failure to make required payments to the Trustee. $5,400 is in default under Ch. 13 Plan.
    _____    Failure to attend Section 341 Meeting of Creditors scheduled on
       X       Failure to respond to Trustee's requests – see attachment "A".

    I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on June 6, 2019 in Foster City, California.

Dated:  June 6, 2019                                       DAVID BURCHARD
                                                           _____
                                                           DAVID BURCHARD, Chapter 13 Trustee

# CERTIFICATE OF SERVICE

I am over the age of 18 years and not a party to this action. I am employed by the Trustee whose business address is 1065 E. Hillsdale Blvd., Suite #200, Foster City, CA. On the date set forth below, I served a true and correct copy of the **Motion of Chapter 13 Trustee, David Burchard, to Dismiss Case Prior to Confirmation, the Declaration in Support of Chapter 13 Trustee, David Burchard's Motion to Dismiss Case Prior to Confirmation** and this **Certificate of Service**, on the persons listed below by following our ordinary business practice for service, which is either deposited in the ordinary course of business with the U.S. Postal Service by first class mail or served by electronic transmission from the Court, if applicable. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

OPHELIA B ALVAREZ
2500 TARA LANE
SOUTH SAN FRANCISCO, CA 94080

The following recipients have been served via Court's Notice of Electronic Filing:

JASON HONAKER
jh@honakerlegal.com

Dated: June 6, 2019        BRISA RAMIREZ
                           BRISA RAMIREZ

DAVID BURCHARD
CHAPTER 13 TRUSTEE
P.O. BOX 8059
FOSTER CITY, CA 94404
(650) 345-7801 FAX (650) 345-1514
(707) 544-5500 FAX (707) 544-0475

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:
   OPHELIA B ALVAREZ
   2500 TARA LANE
   SOUTH SAN FRANCISCO, CA 94080

Case No.: 19-30319 DM
Chapter 13

ATTACHMENT "A"

Debtor(s)

The Trustee made the following requests <u>at least 30 days</u> prior to the filing date of the instant motion:

1. Trustee requested a signed copy of the debtor's 2018 filed federal income tax return. The debtor has failed to provide the requested document.

2. Trustee requested payment advices for the debtor's non-filing spouse for the sixty (60) days prior to the filing of the bankruptcy, or in the alternative if the payment advices are unavailable, a declaration which sets forth the reasons that the required information is unavailable and provides an estimate of the payments received in the sixty (60) days prior to filing. The debtor has failed to provide the requested payment advices and has not provided a declaration that details why payment advices cannot be provided.

3. Trustee requested verification of income from social security in the amount of $2,136.00. The debtor has failed to provide the requested verification.

4. Trustee requested verification of income from pension/retirement in the amount of $2,598.09. The debtor has failed to provide the requested verification.

5. The debtor has listed a claim to be paid in Section 3.07 of the plan, but has failed to include the collateral description, amount of arrears, monthly arrearage dividend, and the monthly arrearage dividend start date. Trustee requested an amended plan that provides for collateral description, amount of arrears, monthly arrearage dividend, and the monthly arrearage dividend start date. The debtor has failed to file an amended plan.

6. The debtor's plan indicates the ongoing mortgage payment to Select Portfolio Servicing is $989.03, while Schedule J reflects a mortgage payment of $2,804.72. Trustee requested amended documents which accurately reflect the debtor's monthly mortgage payment. The debtor has failed to amend the appropriate documents for accuracy and consistency.

7. Section 7 of the debtor's plan reflects the debtor is opting out of the Section 3.07 conduit provisions for creditor, Select Portfolio Servicing. The Trustee requested the debtor file a declaration regarding post-petition mortgage payments paid directly to said creditor no later than 5 days prior to the initial and continued Section 341 Meeting(s) of Creditors. The debtor has failed to file the requested declaration(s).

8. The debtor's plan proposes fixed monthly payments of $4,294.12 to be paid through the plan in months 19-60; however, the debtor's monthly plan payment is only $2,700.00. Trustee requested an amended plan that addresses this issue. The debtor has failed to file an amended plan.

9. The debtor's plan was filed after the Notice of Bankruptcy was filed and not served on all creditors. Trustee requested the plan be served on all creditors with 28 days' notice, and for a copy of the certificate of service evidencing service of the debtor's plan to be filed with the Court. The debtor has failed to file a certificate of service evidencing said service of the plan.

10. The debtor's plan reflects a claim in Section 3.08, Class 2(B)/2(C); however, debtor has not obtained an order via motion or adversary proceeding valuing the collateral. Trustee requested the valuation of collateral be resolved prior to confirmation. The debtor has failed to obtain an order valuing the collateral.

11. Section 3.14 of the debtor's plan reflects $1,094,763.48 in general unsecured claims; however, per Schedule E/F $329,889.00 is owed to general unsecured creditors. Trustee requested amended documents which resolve this discrepancy. The debtor has failed to amend the necessary documents.

12. Trustee requested verification of the debtor's qualifications for a homestead exemption of $175,000. The debtor has failed to provide the requested verification.

13. The debtor has incorrectly claimed exemptions in Schedule C under both C.C.P. §703.140(b) and C.C.P. §704. The debtor may utilize either the exemption scheme under C.C.P. §703.140(b) or C.C.P. §704, but not both. Trustee requested an amended Schedule C which utilizes only one exemption scheme. The debtor has failed to file an amended Schedule C as requested.

14. Schedule D lists Grace Pangilinan, the Internal Revenue Service, and Select Portfolio Servicing as secured creditors, however a description of the collateral securing the loans is not provided. Trustee requested an amended Schedule D which includes a description of the collateral. The debtor has failed to file an amended Schedule D.

15. Schedules D and E/F list creditors that were not listed in the Creditor Matrix (Grace Pangilinan and John Paul, as Trustee); as such, it appears that not all creditors received proper notice of the Chapter 13 proceeding. Trustee requested an amended Creditor Matrix and verification that all creditors have been properly noticed. The debtor has failed to file the requested documentation.

16. Question 28 of the Statement of Financial Affairs indicates debtor gave information about her business to John Paul, as Trustee. Question 27 of the Statement of Financial Affairs indicates that the debtor has had no business in the last 4 years. Trustee requested an amended Statement of Financial Affairs which clarifies this discrepancy. Debtor has failed to file an amended Statement of Financial Affairs.

17. Question 9 of the Statement of Financial Affairs indicates the debtor was recently involved in a pending action: 18-PRO-00045. Trustee requested more information regarding this pending action. The debtor has failed to provide the requested documentation.

18. Trustee requested a Statement of Attorney Compensation Pursuant to Rule 2016(b). The debtor has failed to file this document.

.