JASON HONAKER SBN 251170
851 Burlway Road, Ste. 208
Burlingame, CA 94010
Telephone: (650) 259-9203
Facsimile: (877) 218-4033
jh@honakerlegal.com

Attorney for Debtor
Ophelia Alvarez

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: ) Chapter 13
) Bankruptcy No.: 19-30319
Ophelia Alvarez, )
)
Debtor. ) **SUPPLEMENTAL OPPOSITION TO**
) **MOTION TO DISMISS CASE**
)
)
)
)
_____ )

## SUPPLEMENTAL OPPOSITION TO MOTION TO DISMISS CASE

The trustee filed a motion to dismiss this case shortly after the debtor missed a continued meeting of creditors. Due to scheduling problems and missing documents, progress was slow and an opposition was filed stating most issues would be resolved prior to the hearing on the motion to dismiss. Most of those errors have in fact been resolved as follows:

Debtor has addressed the noted problems as follows:

1) The debtor's 2018 tax return was provided to the trustee over a week ago.

2) The debtor's spouse 6 months' paystubs and the debtor's declaration regarding no paystubs was provided to the trustee approximately one week ago.

3) Verification of social security income was provided to the Trustee approximately one week ago.

4) Verification of debtor's pension/retirement income was provided approximately one week ago.

5) The filed July 16th amended plan (docket no. 30) provides for the collateral description, amount of arrears, monthly arrearage dividend, and the monthly arrearage dividend start date.

6) The correct mortgage payment amount was $2787.20 per the June proof of claim on the mortgage. Both Schedule J and the plan have been updated to reflect this.

7) The declaration regarding post-petition payments was filed last week.

8) The amended plan of July 16th should correctly address the fixed payments issue. Minor issues could be addressed by a further amendment or order confirming plan.

9) The July 16th amended plan, and notice thereof, was sent to a vendor for service today.

10) Debtor's counsel should receive remaining needed information to file a motion to avoid lien shortly. It is anticipated the lien can be resolved within a month.

11) The July 16th amended plan manually resolves the claim totaling error, which was previously calculated by software.

12) Since debtor is well over the exemption limit, the exemptions were amended to claim the ordinary $100,000 exemption. In a prior bankruptcy, presumably based on limited income, debtor had the higher exemption.

13) The exemptions were revised so only system 704 is used, and the amended schedule C of exemptions was filed today.

14) The plan was fixed to describe debtor's home as the collateral.

15) The named creditors came to counsel's attention after a skeletal petition was filed. They have been added manually via the ECF system. They will be included on the service list for the plan being served by the vendor, and all parties will be served with the notice of bankruptcy document.

16) A copy of the docket text of the court matter, the petition (equivalent to a complaint), was sent to the trustee July 16th along with a copy of the court decision. Further information is available for free, by entering debtor's name at:
http://www.sanmateocourt.org/online_services/odyssey_portals.php

17) The 2016b statement was filed July 16th.

Dated: July 16, 2019

                                                /s/ Jason Honaker

                                                Jason Honaker
                                                Attorney for Debtor