JASON HONAKER SBN 251170
851 Burlway Road, Ste. 208
Burlingame, CA 94010
Telephone: (650) 259-9203
Facsimile: (877) 218-4033
jh@honakerlegal.com

Attorney for Debtor
Ophelia Alvarez

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Ophelia Alvarez,<br><br>Debtor. | Chapter 13<br>Bankruptcy No.: 19-30319<br><br>**STATEMENT RE: MOTION TO DISMISS CASE** |

**STATEMENT RE: MOTION TO DISMISS CASE**

  This case will be called for a continued hearing on the trustee's motion to dismiss. The undersigned has been in touch with the trustee's office. Based on those discussions and a certificate of service that was filed last week, it appears that the outstanding issues are as follows, with status:

1. Debtor has not filed a motion to avoid lien: It was recently learned there is actually a co-debtor on the loan for the vehicle, accordingly she will not attempt to value it. I am waiting for contact information for the co-debtor from her, and once I have it will make appropriate amendments to the schedules. The plan needs to be amended for payment reasons as discussed below, and this change will be made at the same time.

2. Schedule D does not include collateral description: An amended Schedule D with the collateral descriptions can be signed and then filed with the new plan discussed below.

3. Debtor has not filed a sufficient post-petition mortgage payments declaration: This has been an ongoing problem that has caused the meeting of creditors to be continued

1

more than once. Debtor has attended the meeting of creditors in person and identified herself, and it was discussed there she needed to bring the mortgage payments due post-petition current to have the meeting go forward. She is trying her best to do so and understands it is not clear if she will receive another continuance.

4. Plan payments deficiency – the Trustee's office informed me late last week debtor is behind on her plan payments. I have discussed with her on several occasions that we could amend the plan in a way that would help her get current on the post-petition payments. Accordingly, we would ask that she be given a date to either a) bring the plan current; or b) file the amended plan.

5. Objection by lender – The amended plan should have addressed critical issues the lender had. I have asked their counsel to withdraw the objection. If they do not withdraw the objection, it can be set for a contested hearing in September or October at the latest. September may be difficult since the trustee is not in agreement with debtor's proposed timeframe to sell her home and the payments are behind.

6. Issues about noticing and service of the plan should have all been addressed by the notice and service that occurred in mid-July.

Dated: August 19, 2019

/s/ Jason Honaker

Jason Honaker
Attorney for Debtor