JASON HONAKER SBN 251170
851 Burlway Road, Ste. 208
Burlingame, CA 94010
Telephone: (650) 259-9203
Facsimile: (877) 218-4033
jh@honakerlegal.com

Attorneys for Debtor
Ophelia Alvarez

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| | Bankruptcy No.: 19-30319 |
| Ophelia Alvarez, | |
| | **DECLARATION OF DEBTOR RE** |
| Debtor. | **RECONSIDER DISMISSAL** |

I, Ophelia Alvarez, state and declare as follows:

1. I am informed my case was dismissed for, among other things, failure to file documents and make progress on the case.

2. I am able to cure the payment deficiency on my case by a combination of paying $2700.00 to the trustee and amending my plan.

3. I had scheduled the $2700 payment just prior to the hearing on the motion to dismiss. I understand there was no opportunity for the court to hear that this payment had been made.

4. My attorney told me to cancel the payment once the case was dismissed so I would not have that money tied up waiting for a refund and could pay my mortgage, so I did that.

5. My attorney had informed me he was negotiating with the trustee's office over the sale date of my home. The trustee wanted it sold sooner than I had proposed, and we had proposed to have it sold by Winter 2020. He said there was no chance to discuss this at my hearing.

6. My attorney had had problems reaching me due to my voicemail repeatedly being full, and that led to delays in July. He had a typical summer vacation and could not reach me on

1

several occasions prior to my going away, so this led to things getting delayed until he got back.

7. However, since July we were making progress on issues raised in the trustee's motion and had fixed a lot of it.
8. I understand the trustee was not aware of corrective action we had taken at the time of the hearing. I understand that much of this is not disputed.
9. I understand the issue of the negotiation of the plan did not come up at the hearing.
10. I can bring my mortgage payments current by September 15th if this case is reinstated with the help of a relative.
11. My plan said I wanted to value the Honda and pay through the plan. That stemmed from a misunderstanding over what I listed on intake forms. I actually don't drive that car and want to surrender it. I thought I had a co-signer and told my attorney this in July. He says the POC suggests it is just me. Either way, I want to surrender the car.
12. I know my case has had problems, but am concerned that there was no chance for the court to hear about the progress I was making, that I had scheduled the 2700 payment, and that there was negotiation holding up the filing of an amended plan with an agreed-to sale date.
13. If the court had dismissed it over payments, that would have been unfortunate. For it to be dismissed over things that were actually fixed, I think is unfair and was unintended.
14. I do not want to have to file bankruptcy again, but will if the case is not reinstated because I could get foreclosed any day.
15. Accordingly, I ask the court and trustee to reconsider the dismissal.

Dated: August 29, 2019

                                                              /s/ Ophelia Alvarez