BRISA C. RAMIREZ (SBN 261480)
STAFF ATTORNEY FOR
DAVID BURCHARD, CHAPTER 13 TRUSTEE
P.O. BOX 8059
FOSTER CITY, CA 94404
Tel: (650) 345 – 7801
Fax: (650) 345 – 1514
Email: BrisaR@burchardtrustee.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re

OPHELIA ALVAREZ

Debtor.

Case No.: 19-30319 DM

Chapter 13

## STIPULATION REGARDING DEBTOR'S MOTION TO RECONSIDER DISMISSAL OF CASE

1. On June 6, 2019, David Burchard, Chapter 13 Trustee, filed a Motion to Dismiss Case Prior to Confirmation and set it for hearing on July 17, 2019. The Trustee's motion was filed for unreasonably delay that is prejudicial to creditors and for Debtor's failure to make timely payments to the Trustee. The Trustee's Attachment "A" to the motion enumerated 18 items that were outstanding at the time the motion was filed. (Docket no. 23 and 24).

2. At the hearing on July 17, 2019, the hearing on the Trustee's motion was continued to August 21, 2019.

3. At the hearing on August 21, 2019, the Trustee's motion was granted and the case was dismissed.

4. On August 21, 2019, the following issues from the Trustee's Motion were still pending:
    a. Payments. As of August 21, 2019, the Trustee had received a total of $8,100; however, $10,800 was due to be current through July 2019, and an additional

1

$2,700 was due for August 2019 as of August 20, 2019. The total delinquency through August 2019 is $5,400.00.
   b. **Item 7:** Section 7 of the debtor's plan reflects the debtor is opting out of the Section 3.07 conduit provisions for creditor, Select Portfolio Servicing. The Trustee requested the debtor file a declaration regarding post-petition mortgage payments paid directly to said creditor no later than 5 days prior to the initial and continued Section 341 Meeting(s) of Creditors. The debtor has failed to file the requested declaration(s).
      i. Debtor's case was filed on March 25, 2019; therefore, Debtor should have filed a declaration for payments for the following months: April 2019, May 2019, June 2019, July 2019, and August 2019. As of August 21, 2019, Debtor has filed a declaration with proof of payment for only May 2019 and June 2019. As such, a declaration that provides proof of payment for April 2019, July 2019, and August 2019 is still pending.
   c. **Item 10:** The debtor's plan reflects a claim in Section 3.08, Class 2(B)/2(C); however, debtor has not obtained an order via motion or adversary proceeding valuing the collateral. Trustee requested the valuation of collateral be resolved prior to confirmation. The debtor has failed to obtain an order valuing the collateral.
      i. As of August 21, 2019, Debtor had not filed the motion nor had she amended her plan to provide for alternate treatment for this creditor. As such, this is still pending.
   d. **Item 14:** Schedule D lists Grace Pangilinan, the Internal Revenue Service, and Select Portfolio Servicing as secured creditors, however a description of the collateral securing the loans is not provided. Trustee requested an amended Schedule D which includes a description of the collateral. The debtor has failed to file an amended Schedule D.

SH

Case: 19-30319   Doc# 42   Filed: 09/06/19   Entered: 09/06/19 11:03:02   Page 2 of 4

i. As of August 21, 2019, Debtor had not filed amended schedules. As such, this item is still pending.

e. **Additionally, counsel for the Trustee believed item 15 was also pending:** Schedules D and E/F list creditors that were not listed in the Creditor Matrix (Grace Pangilinan and John Paul, as Trustee); as such, it appears that not all creditors received proper notice of the Chapter 13 proceeding. Trustee requested an amended Creditor Matrix and verification that all creditors have been properly noticed. The debtor has failed to file the requested documentation.

   i. On August 16, 2019, Trustee's counsel (Brisa C. Ramirez) advised Debtor's attorney (Jason Honaker) this issue was still pending. After the hearing on August 21, 2019, Mr. Honaker contacted Ms. Ramirez, as he believed this item had been addressed prior to the hearing. After discussion with Mr. Honaker, it appears that item 15 was resolved via document number 34, filed on August 16, 2019.

5. Additionally, also pending in the case was an objection filed by secured creditor, Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2003-4, Asset-Backed Certificates, Series 2003-4, and the Trustee's request for a shorter sale period (rather than the 18 months proposed in the amended plan filed on July 16, 2019).

   i. On August 16, 2019, Mr. Honaker sent Ms. Ramirez an email with a proposed sale date of February 2020. This offer was conveyed to the Trustee, and he was aware of it at the time of the hearing on August 21, 2019. However, as there were other issues left (such as plan payments and Debtor's lack of declaration regarding direct payments to the lender) this was not a topic of discussion.



Case: 19-30319   Doc# 42   Filed: 09/06/19   Entered: 09/06/19 11:03:02   Page 3 of 4

In light of the aforementioned circumstances, DAVID BURCHARD, Chapter 13 Trustee, through counsel, and Debtor, OPHELIA ALVAREZ, through counsel, hereby enter into this stipulation regarding the reinstatement of the case with the following deadlines:

1. The Trustee will set a new 341 Meeting of Creditors. Debtor and her attorney will appear at the 341, with appropriate identification and verification of social security number, and, no later than 5 days prior to the 341, Debtor will file a declaration (with the appropriate verification attached) regarding the payments made directly to her lender for all payments due from the date of the filing of the bankruptcy through present.

2. No later than September 25, 2019, Debtor will file and serve an amended plan which incorporates a sale of the property by February 2020. If the amended plan provides for the reduction in value of any claim, Debtor will also have filed the appropriate motion(s) by the same date.

3. No later than September 25, 2019 Debtor will be current with her plan payments (through September 2019) under the most recently filed plan.

4. No later than September 25, 2019 Debtor shall obtain a filed withdrawal of the objection to confirmation by Deutsche Bank or, if the withdrawal is not obtained, will set the matter for hearing on the Court's October 17, 2019 calendar.

5. If Debtor fails to comply with any of the above, the case may be dismissed upon the filing of a declaration by the Trustee.

Dated: 9/6/19

_____
Brisa C. Ramirez
Staff Attorney for David Burchard,
Chapter 13 Trustee

Dated: 9/6/19

_____
Jason Honaker
Attorney for Debtor

4